IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUNG NAM TRAN and
ERIC L. FANKHAUSER, on behalf of
themselves and all others similarly situated ,

                ORDER

          Plaintiffs,

                09-cv-507-bbc

     v.

KAREN TIMBERLAKE, Secretary of the
Wisconsin Department of Health Services,
STEVE WATTERS, Director at Sandridge
Secure Treatment Facility and
BYRON BARTOW, Director at Wisconsin
Resource Center,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a joint action brought by plaintiffs Hung Nam Tran and Eric Fankhauser, patients at the Sandridge Secure Treatment Center, alleging violations of their constitutional rights. Both plaintiffs have submitted petitions and affidavits to proceed without prepayment of fees and costs.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiffs who are not subject to the 1996 Prison Litigation Reform

1

Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the complaint, the court calculates two amounts, 20% of the plaintiffs' average monthly income and 20% of the plaintiffs' average monthly balance. Whichever amount is greater is the amount the plaintiffs will have to prepay toward the $350 filing fee. The in forma pauperis statute does not permit a court to relieve a plaintiff of his or her entire obligation to pay filing fees. It merely allows the court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.

Plaintiffs' initial partial payments cannot be calculated at this time because the resident account statements submitted with the complaint do not cover the full six-month period immediately preceding the filing of the complaint. Plaintiffs submitted their complaint on August 7, 2009. Their resident account statements should cover the period beginning approximately February 7, 2009 and ending approximately August 7, 2009. Instead, both plaintiffs' statements cover approximately a two-month period beginning June 2, 2009 and ending August 11, 2009. Both statements show that on June 2, 2009, sums of money were transferred into plaintiffs' accounts from the Wisconsin Resource Center. When an individual resides at one or more institutions during the six-month period immediately preceding the filing of his lawsuit, he is required under 28 U.S.C. § 1915(a)(2) to obtain a resident account statement "from the appropriate official of each institution at

2

which [he] is or was confined" during the relevant period.  Therefore, if the plaintiffs want to continue with this lawsuit, they will each have to write to the Wisconsin Resource Center and any other institution in which they may have been confined between February 7, 2009 and their transfers to Sandridge Secure Treatment Center, to request a certified copy of the resident account statement for the appropriate period.

ORDER

IT IS ORDERED that plaintiffs Hung Nam Tran and Eric Fankhauser may have until September 11, 2009, in which to submit resident account statements for the period beginning February 7, 2009 and ending August, 7, 2009.  If, by September 11, 2009, either plaintiff fails to respond to this order, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 20th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge