IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUNG NAM TRAN and
ERIC L. FANKHAUSER, on behalf of
themselves and all others similarly situated,

                                      Plaintiffs,

      v.

KAREN TIMBERLAKE, Secretary of the
Wisconsin Department of Health Services,
STEVE WATTERS, Director at Sandridge
Secure Treatment Facility and
BYRON BARTOW, Director at Wisconsin
Resource Center,

                                    Defendants.

ORDER

09-cv-507-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Hung Nam Tran and Eric L. Fankhauser are patients in the custody of the Wisconsin Department of Health Services who are being held in the Sand Ridge Secure Treatment Facility. In their complaint, they challenge the quality of their treatment at the facility and the quality of treatment provided at a separate facility, the Wisconsin Resource Center, contending alleging that the allegedly inadequate treatment violates their rights under the due process clause, the equal protection clause and the Americans with Disabilities

1

Act.

Plaintiffs have filed a petition for leave to proceed in forma pauperis and have made initial partial payments.  Because plaintiffs have sought leave to proceed in forma pauperis, I must screen their complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).

As an initial matter, in their complaint plaintiffs assert that their lawsuit involves a class consisting of all "similarly situated persons in the State of Wisconsin who purchased personal property items for personal use" from defendant vendors.  I construe plaintiffs' assertions as a request for certification of this lawsuit as a class action.  Before the court may certify a class action, four prerequisites must be met:

> (1) The class [must be] so numerous that joinder of all members is impracticable, (2) there [must be] questions of law or fact common to the class, (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class, and (4) the representative parties [must] fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Although plaintiffs may be able to satisfy some of these requirements, they cannot proceed on a class action because they are not represented by a lawyer.  Because absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Fed. R. Civ. P. 23(g)

2

(requiring class counsel in class action cases; setting standard for appointing such counsel). Therefore, plaintiffs' request for class certification will be denied.

As for the merits of plaintiffs' claims, I cannot reach them at this time because their pleading violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' complaint fails to give defendants the notice to which they are entitled.

The complaint contains both too much and too little information. It contains too much information in that it consists primarily of conclusory statements (such as that defendants' actions "deprive the Facilities' residents of rights") and legal citations. This information is unnecessary: conclusory statements in a complaint are to be disregarded, Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and plaintiffs are not required to plead the law in their complaint. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992).

Plaintiffs' complaint contains too *little* information because they have not pleaded enough facts to give defendants notice of their claims. Plaintiffs' claims boil down to their conclusory allegation that "the Facilities' supports and services substantially depart from generally accepted professional standards of care, thereby exposing the individuals confined or residing there including plaintiffs to significant risk, and in some cases, to actual harm."

3

Plaintiffs offer a long list of the allegedly inadequate services, including treatment planning, nutritional services, education services and everything in between. The problem is that these allegations do not identify what defendants have done or failed to do to make them liable for that inadequate treatment, *how* the different services are inadequate or what has happened to plaintiffs to make them believe their rights have been violated. Indeed, plaintiffs fail to allege how either of them has been injured at all.

Because plaintiffs' complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiffs are free to file an amended complaint that fixes these problems, but if they decide to do so, they should keep a few things in mind.

First, plaintiffs should draft the complaint as if they were telling a story to people who know nothing about their situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiffs' claims?
- What did each defendant do that makes them liable for violating plaintiffs' rights?
- How was each plaintiff injured by a particular defendant's conduct?

Second, in deciding which claims should be included in the complaint, plaintiffs should be aware of the limitations of Fed. R. Civ. P. 20. As the court of appeals held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), plaintiffs may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the

allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Once plaintiffs identify the individual instances of "inadequate treatment," they should consider which of those instances are related to other instances. Those incidents that are unrelated to others do not belong together in the same lawsuit and plaintiffs will be required to file separate lawsuits for each such unrelated incident.

Third, plaintiffs should be aware of the doctrines of standing and ripeness, which place limitations on litigants' ability to file lawsuits challenging conduct they believe is unlawful. These doctrines require plaintiffs to show that a law, policy or practice actually has been applied to them in a way that harms them. Massachusetts v. EPA, 549 U.S. 497, 517 (2007). Plaintiffs include allegations about "inadequate treatment," but have not explained how that inadequate treatment has affected them. Further, unless the treatment affects *each* of the plaintiffs, they may not assert that claim in one lawsuit under Fed. R. Civ. P. 20.

Fourth, plaintiffs should bear in mind that any amended complaint should be both "short" and "plain." Plaintiffs should not interpret this order as an invitation to make a novel out of their complaint. They should take care to limit their allegations to facts that give notice of their claims to defendants.

5

ORDER

IT IS ORDERED that

1. Plaintiffs Hung Nam Tran's and Eric L. Fankhauser's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiffs may have until October 26, 2009, in which to submit a proposed amended complaint that conforms to Rule 8. If, by October 26, 2009, plaintiffs fail to respond to this order, the clerk of court is directed to close this case for plaintiffs' failure to prosecute.

3. If, by October 26, 2009, plaintiffs submit a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge