IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUNG NAM TRAN and
ERIC L. FANKHAUSER,

                          Plaintiffs,

    v.

KAREN TIMBERLAKE, Secretary of the
Wisconsin Department of Health Services,
STEVE WATTERS, Director at Sandridge
Secure Treatment Facility and
BYRON BARTOW, Director at Wisconsin
Resource Center,

                          Defendants.

ORDER

09-cv-507-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered October 5, 2009, I dismissed plaintiffs' original complaint because it failed to comply with Fed. R. Civ. P. 8 and told plaintiffs that they could file an amended complaint to address the problems with the original complaint. Among other problems with plaintiffs' original complaint, it included conclusory statements instead of factual allegations and failed to include allegations about how each defendant's actions affected each plaintiff. Plaintiffs' amended complaint does slightly better, but it still falls short. I will dismiss the amended complaint for failure to comply with Rule 8 and give

plaintiffs one last opportunity to file a pleading that complies with the rule.

In their amended complaint, plaintiffs allege that they are civilly committed under the Sexually Violent Persons Commitment Act, Wis. Stat. ch. 980. Most of plaintiffs' allegations can be organized into three groups. First, there is a list of conclusory statements summarizing defendants' "failures," ¶¶ 13(a)-(g) and 24(a)-(e), including, among other things, a failure to "properly train staff," "draft and implement fair and reasonable grievance procedures," and "afford reasonable opportunities to all residents for educational, religious, vocational and recreational activities." As I said in the previous order, dkt. #11, at 3, conclusory statements such as these must be disregarded. What plaintiffs need to allege are *facts* from which these conclusions can be inferred, not the conclusions themselves.

Second, there is a long list of restrictions plaintiffs allegedly suffer, ranging from lockdown times to coerced "waivers," and a list of general statements about the conditions of confinement within the Wisconsin Resource Center and Sand Ridge facilities. As with the first list, most of the allegations are conclusory, including, among other things, plaintiffs' allegations about things that are "adequate," "excessive," "meaningful," "most restrictive," "unreasonable," "unnecessary," "force[d]," "not provided with the essential elements," "failed," "unaware or indifferent," "more like prisoners," "inappropriately," "unrelated to," "unreasonably restrictive," "substantial departure," and "substantially below [certain] [s]tandards." These are *conclusions* unsupported by factual allegations.

2

This list includes other problems, as well. For one, many of the allegations, where not conclusory, are vague or overly general. To take one example, plaintiffs allege that they are not provided with certain "treatments ordered by the court." What treatments are they talking about? As another example, plaintiffs allege they are "subject to segregation, social isolation and physical assaults." By whom? In what ways? The remaining allegations are legal arguments. As I explained before, dkt. #11, at 3, legal arguments are unnecessary.

After scraping away the legal arguments, conclusory statements and vague or overly general statements, what is left are a few statements about the ways plaintiffs are restricted, such as in lockdown time, their inability to pursue independent business initiatives, their inability to eat in the cafeteria (instead of in their housing unit) and their inability to use the dayroom. However, even the few remaining factual allegations fail in one important respect: they do not tie defendants to plaintiffs' restrictions. Defendants are three high-ranking officials: the Secretary of the Department of Health Services and the two directors of the two separate facilities housing sexually violent persons. Moreover, defendants' only alleged role is that they have "established and maintained" the treatment policies plaintiffs are challenging and are "collectively responsible" for those policies. What remains unclear is what role *each* defendant plays in forming and maintaining these policies. How are the restrictions plaintiffs identify a part of the policies formed and maintained by each defendant? This is particularly important because at least some of the restrictions plaintiffs

3

identify do not appear to be policies at all, but rather the actions of individual officials. (The allegedly unreasonable searches and use of excessive force are one example.) Moreover, one defendant is a director at the Wisconsin Resource Center; plaintiffs are at the Sand Ridge Secure Treatment Facility). Plaintiffs do not explain how that defendant (Byron Bartow) has affected the policy at plaintiffs' treatment facility or was involved in any other way in plaintiffs' restrictions.

Likewise, plaintiffs' generalities regarding each of their "restrictions" suggests that they are struggling to identify particular incidents in which either of *them* has suffered a given restriction. They will have to do more to describe their own particular restrictions if they hope to establish standing for the challenges to defendants' policies.

One final matter requires attention. The return address of the envelope used to file the proposed amended complaint is for Marcellous Walker, suggesting that plaintiffs may be receiving Walker's assistance. Walker brought a lawsuit similar to this one challenging policies related to the Sexually Violent Persons Commitment Act. Walker v. Hayden, 07-cv-675-bbc. That lawsuit was ultimately dismissed on the merits for failure to state a claim. Id., slip op., dkt. #71 (W.D. Wis. June 18, 2008). In Walker's lawsuit, his original complaint included a number of plaintiffs who did not sign the complaint and it appeared that Walker intended to proceed on their behalf. Plaintiffs Tran and Fankhauser were among those plaintiffs. Because they did not join that lawsuit, there is no preclusive effect

4

to the dismissal of that case. However, to the extent Walker is the driving force behind this lawsuit, he should be aware that the case is about the *named* plaintiffs. The allegations must be about how the policies affect *them*; moreover, any favorable outcome in this case will not apply to Walker, only to the named plaintiffs.

On a related note, the named plaintiffs must keep in mind that this is *their* case. They should make sure they read carefully everything they receive from the court and everything they sign, if they receive help with drafting their documents. Under Fed. R. Civ. P. 11(b), when a party submits something to the court, he is certifying that the document "is not being presented for any improper purpose," that all factual allegations have evidentiary support or are likely to have support "after a reasonable opportunity for further investigation" and all legal contentions "are warranted by existing law or by a nonfrivolous argument" for extending current law. Any party who violates this rule may be subject to sanctions, including monetary ones.

Plaintiffs may have one last opportunity to submit a complaint that complies with Rule 8. They should read this order carefully to insure that they include the proper allegations in their complaint. If their second amended complaint fails to comply with Rule 8, it will be dismissed with prejudice for failure to state a claim.

ORDER

IT IS ORDERED that

1. Plaintiffs Hung Nam Tran's and Eric L. Fankhauser's amended complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiffs may have until November 6, 2009, in which to submit a proposed second amended complaint that conforms to Rule 8. If, by November 6, 2009, plaintiffs fail to respond to this order, the clerk of court is directed to close this case for plaintiffs' failure to prosecute.

3. If, by November 6, 2009, plaintiffs submit a proposed second amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6