IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUNG NAM TRAN and
ERIC L. FANKHAUSER,

                                                          ORDER

                 Plaintiffs,

                                                      09-cv-507-bbc

    v.

KAREN TIMBERLAKE, Secretary of the
Wisconsin Department of Health Services,
STEVE WATTERS, Director at Sandridge
Secure Treatment Facility and
BYRON BARTOW, Director at Wisconsin
Resource Center,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiffs Hung Nam Tran and Eric L. Fankhauser challenge the policies of defendants Karen Timberlake, Steve Watters and Byron Bartow, high-level officials in charge of two treatment facilities that house civilly committed individuals such as plaintiffs. Plaintiffs have had a difficult time getting their case off the ground. Twice I have dismissed their complaints for failing to comply with Fed. R. Civ. P. 8 because both times their conclusory allegations were not supported by any factual allegations that could allow the court to infer that defendants' policies are unconstitutional.

1

Now plaintiffs try a different tack. They refuse to submit a second amended complaint to address the Rule 8 problems, instead moving for recusal or a change of venue on the ground that my rulings demonstrate bias. That motion will be denied, and because plaintiffs have refused to submit a second amended complaint, the case will be closed for plaintiffs' failure to prosecute it.

Grounds for disqualification and recusal include "personal bias or prejudice," 28 U.S.C. §§ 144 and 455(b)(1), and "any proceeding in which [a judge's] impartiality might reasonably be questioned," 28 U.S.C. § 455(a). Plaintiffs contend that my rulings in this case and other cases involving civilly committed persons show that I impose excessively high pleading standards against those individuals, "especially those challeng[ing] the policy, practice or custom promulgated by various high ranking officials." Plts.' Mot., dkt. #14, at 4.

Nothing about the rulings plaintiffs identify suggests bias. Instead, they show that each of the cases was addressed individually and resolved on the particular circumstances of that case. Some were dismissed on the merits, Thielman v. Leeann, 140 F. Supp. 2d 982 (W.D. Wis. 2001); Wilson v. Watters, 348 F. Supp. 2d 1031 (W.D. Wis. 2004); one was dismissed only partially on the merits, with some claims proceeding, Riley v. Doyle, 2006 WL 2947453 (W.D. Wis. Oct. 16, 2006); and others were dismissed only upon a motion for summary judgment, William v. Nelson, 398 F. Supp. 2d 977 (W.D. Wis. 2005); Strong

v. Wisconsin, 544 F. Supp. 2d 748 (W.D. Wis. 2008) (summary judgment). Only one of the cases involved dismissal under Rule 8. Walker v. Wisconsin Legislative Council, 536 F. Supp. 2d 992 (W.D. Wis. 2007).

Moreover, plaintiffs' disagreement with the court's ruling as to pleading requirements is an adequate ground for an allegation of bias. For obvious reasons, a party is not entitled to a new judge every time a ruling or decision is unfavorable. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion).

Plaintiffs further contend that the court's rulings show bias because lawyers have used the same allegations in other complaints in other courts in other states and have had success. However, plaintiffs do not suggest that any court has considered whether these allegations satisfy Rule 8; indeed, in at least one of the cases, no such analysis occurred. United States v. California, CV-06-2667 GPS (C.D. Ca.) (case challenging conditions of confinement filed by United States simultaneously with stipulation of consent judgment; no motion to dismiss filed). At any rate, after Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), it is no longer debatable that complaints such as plaintiffs' that consist entirely of conclusory statements can be held to satisfy Rule 8. Plaintiffs may disagree with my conclusion that his statements were conclusory, but that is not ground for recusal or disqualification. Liteky, 510 U.S. at 555.

3

Plaintiffs' argument regarding their use of complaints from other courts raises other concerns. First, by filing a complaint and an amended complaint before this court, plaintiffs were representing to the court that they had performed a reasonable inquiry into the facts and the law related to their case, that the claims, defenses and other legal contentions were warranted by existing law and that the factual contentions would likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b). Their admission now that they simply lifted their allegations from other complaints suggests that they may not have performed their duty to reasonably investigate the facts related to their circumstances before filing this lawsuit, instead relying on the circumstances of other cases. Plaintiffs' refusal to submit a second amended complaint that would provide additional factual details further supports this suspicion.

As for plaintiffs' motion for transfer venue, they offer no basis for transfer other than bias, which is not a ground for transfer. Even if it were, as I explained, plaintiffs have failed to show bias.

As I mentioned above, plaintiffs refuse to file a second amended complaint. They had until November 6, 2009 in which to do so. Because that time has passed, this case will be closed for plaintiffs' failure to prosecute it.

4

ORDER

IT IS ORDERED that

1. Plaintiffs Hung Nam Tran's and Eric L. Fankhauser's motion for recusal or change of venue, dkt. #14, is DENIED.

2. The clerk of court is directed to close this case for plaintiffs' failure to prosecute.

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge